UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Donwin Ballard,

              Plaintiff,

—v—

Correction Officer Lane, et al.,

              Defendants.

18-cv-1721 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Pro se Plaintiff Donwin Ballard brings this civil rights action against Defendants, two correctional officers who allegedly served him contaminated food at the Manhattan Detention Complex. Now before the Court is Defendants' motion to dismiss the complaint. For the reasons set forth below, Defendants' motion to dismiss is granted without prejudice.

I.     BACKGROUND

A. Factual Background

For the purposes of deciding this motion, the Court assumes that all factual allegations contained in Plaintiff's complaint are true. *See Thea v. Kleinhandler*, 807 F.3d 492, 494 (2d Cir. 2015). On January 7, 2018, Plaintiff was in a cell at the Manhattan Detention Complex. Compl. at 4. Defendants Lane and Nardon, who are corrections officers, prepared food for Plaintiff "without consent of a supervisor or supervision of a[n] inmate" and despite not possessing a "proper food handlers['] certificate." *Id.* At approximately 5:29 p.m., Officer Nardon slid the food under the door to Plaintiff, with the assistance of Officer Lane. *Id.* This action

1

contaminated the food "with several unsanitized, unspecified liquids and fecal matter." *Id.* As a result, Plaintiff was "starved, humiliated, [and] embarrassed." *Id.* at 5.

Based on the foregoing allegations, Plaintiff seeks monetary damages pursuant to 42 U.S.C. § 1983.

### B. Procedural Background

On February 26, 2018, Plaintiff filed a complaint against Officer Nardon, Officer Lane, and New York City. Dkt. No. 2. In an Order dated March 22, 2018, the Court *sua sponte* dismissed Plaintiff's claims against the City because Plaintiff failed to allege that the incident described in his complaint "arose as a result of a municipal policy, custom, or practice," as required to state a claim for municipal liability under § 1983. Dkt. No. 6. Defendants Nardon and Lane filed a motion to dismiss the complaint in full on August 20, 2018. Dkt. No. 15. After experiencing some difficulty in communicating with Plaintiff, who is incarcerated and proceeding pro se, the Court *sua sponte* extended his time to amend his complaint or oppose the motion to dismiss to October 2, 2018. Dkt. No. 21. The Court subsequently received Plaintiff's submission in opposition, which was entered on the public docket. Dkt. No. 22. Defendants filed their reply on October 17, 2018. Dkt. No. 24.

## II. LEGAL STANDARD

### A. Motion to Dismiss

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When a plaintiff is proceeding pro se, the Court holds the pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Boddie v. Schneider*, 105 F.3d 857, 860 (2d Cir. 1997) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). That is to say, the Court will liberally construe the complaint when deciding the motion to dismiss. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). However, "the duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Kirk v. Heppt*, 532 F. Supp. 2d 586, 590 (S.D.N.Y. 2008) (alteration in original) (citation omitted). If a pro se plaintiff has not pled sufficient facts to state a claim that is plausible on its face, the Court must dismiss his complaint. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

## III. DISCUSSION

### A. Conditions of Confinement

Plaintiff alleges that Defendants violated his constitutional rights by serving him contaminated food while he was detained. To establish a constitutional violation based on conditions of confinement, a pretrial detainee[1] must show that "the officers acted with deliberate indifference to the challenged conditions." *Darnell v. Piniero*, 849 F.3d 17, 29 (2d Cir. 2017). In other words, the Plaintiff must establish (1) "that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process," and (2) "that the officer

---

[1] Plaintiff does not specifically state whether he was a pretrial detainee or convicted prisoner at the time of the incident described in his complaint. The Court will therefore afford him the greater protection of the Due Process Clause and analyze his claims accordingly. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) ("A pretrial detainee's claims are evaluated under the Due Process Clause because pretrial detainees have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise.") (citing *Iqbal v. Hasty*, 490 F.3d 143, 168 (2d Cir. 2007)) (internal quotation marks omitted).

3

acted with at least deliberate indifference to the challenged conditions." *Id.* To survive a motion to dismiss, the complaint must contain sufficient factual allegations that, taken as true, allow the Court to "draw a reasonable inference" that both prongs are satisfied. *Iqbal*, 556 U.S. at 678.

Though Plaintiff has alleged one specific incident with particularity, his complaint does not include enough facts to satisfy the objective deprivation prong. To establish an objective deprivation, "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his [mental or physical] health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir.). There is no bright line rule to determine seriousness: "the conditions themselves must be evaluated in light of contemporary standards of decency." *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981))." Here, the alleged conditions consist of one instance of the service of food contaminated with fecal matter and other unsanitary liquids. *See* Compl. at 4.

Pretrial detainees are entitled to "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (citation omitted). Courts have held that "[a]llegations that a prisoner was served food contaminated or 'tainted' by foreign objects, e.g....human waste..., are sufficient to plead a constitutional violation." *Reid v. Nassau County Sheriff's Dept.*, 13-CV-1192 (SJF), 2014 U.S. Dist. LEXIS 117471 at *46 (E.D.N.Y. Aug. 20, 2014); *see also Robles*, 725 F.2d at 16 (allegations that prison officials contaminated inmates' meals with "dust, rocks, glass, and human waste"); *Varricchio v. County of Nassau*, 702 F. Supp. 2d 40, 56 (E.D.N.Y. 2010) (allegations that a prisoner received "tainted food that contained bodily waste, soap, metal pins, and staples"); *White v. Olivar*, No. 11 Civ. 3725 (GBD)(MHD), 2012 WL 2878641, at * 2 (S.D.N.Y. July 12, 2012) (allegations that

prisoner was served "food contaminated with human hair and avian fecal matter"). Thus, allegations like Plaintiff's may in some circumstances rise to the level of seriousness required to plead a constitutional violation.

In this case, Plaintiff describes only a single contaminated meal, rather than a pattern of tainted food or an ongoing unsanitary condition. Defendants argue that, as a rule, a single instance of contaminated food does not rise to the level of a due process violation, citing *Roundtree v. City of New York*, 15cv8198 (WHP), 2018 U.S. Dist. LEXIS 51919, (S.D.N.Y. Mar. 28, 2018). However, the complaint in *Roundtree* failed "to specify how preparation of food deviated from the standard course, or whether the food contained any unusual ingredients that would have posed a threat to Roundtree's health." *Id.* at *22 (concluding that the one instance of food-related illness described by plaintiff was "an unexceptional case of food poisoning").

Plaintiff in this case, by contrast, alleges that his meal was contaminated with fecal matter, and specifies that the food became tainted because it was slid under his cell door. Compl. at 4; *cf. Fox v. Lee*, 9:15-CV-0390 (TJM)(CFH), 2018 U.S. Dist. LEXIS 19402, at *68 (S.D.N.Y. Feb. 5, 2018) (Plaintiff's claim that his food became contaminated by hair, paint chips, and dust because he had to remove the lid to slide the tray into his cell "could be characterized as a sufficiently serious prison condition to satisfy the objective prong of a conditions-of-confinement claim."). Accordingly, the incident Plaintiff describes may be merely one occurrence resulting from ongoing unsanitary conditions in his cell, which could be sufficiently severe to meet the objective prong. *See Darnell*, 849 F.3d at 30 ("[T]he proper lens through which to analyze allegedly unconstitutional unsanitary conditions of confinement is with reference to their severity and duration."). However, Plaintiff does not include in his complaint any facts regarding the duration of the unsanitary condition or whether his meals were frequently contaminated as a

result. Thus, the Court cannot conclude that the conditions Plaintiff describes are objectively serious enough to constitute a due process violation.

Even if Plaintiff had sufficiently pled the first prong, the complaint does not contain sufficient factual allegations for the Court to infer that Defendants were deliberately indifferent to the contamination. "[T]he Supreme Court has instructed that 'deliberate indifference' roughly means 'recklessness,' but 'recklessness' can be defined subjectively (what a person actually knew, and disregarded), or objectively (what a reasonable person knew, or should have known)." *Darnell*, 849 F.3d at 29 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836–37 (1994)). In other words, Plaintiff need not demonstrate actual knowledge, but he must allege that the defendants "acted intentionally or recklessly, and not merely negligently." *Id.* at 36.

There is nothing in the complaint to suggest that Defendants knew or should have known that the manner in which they served Plaintiff his food resulted in its contamination. Plaintiff does not allege that Defendants saw the state of his food after it was served, nor that he brought it to their attention. *Cf. Fox*, 2018 U.S. Dist. LEXIS 19402, at *68 ("[P]laintiff does not allege, and the record does not suggest, that [defendants] placed the hair, paint chips, or dust in plaintiff's food, nor is there any indication that they knew that the way in which plaintiff received his food tray caused these particles to fall into plaintiff's food."). Indeed, according to the facts in the complaint, nothing in the preparation of the food was deficient, nor were Defendants connected in any way to the unsanitary condition of the door. It is not enough for Plaintiff to state in a conclusory manner that he "endured torture," *see* Compl. at 4, and that Defendants "poison[ed]" him, *see* Pl. Opp. at 4. Even drawing all reasonable inferences in favor of Plaintiff, the complaint does not adequately allege facts showing that Defendants either knew or should have known that serving food under the cell door resulted in contamination.

For these reasons, Plaintiff has failed to state a claim for which relief can be granted, and his § 1983 claim must be dismissed.

### B. Leave to Replead

As discussed above, Plaintiff's complaint, which amounts to a single paragraph, contains scant factual allegations regarding the context of the incident he describes. If given the opportunity, Plaintiff may be able to add additional facts to support a claim that the conditions were sufficiently serious, and that Defendants acted with deliberate indifference. The Court will therefore afford Plaintiff an opportunity to amend his complaint. *See Nielsen v. Rabin*, 746 F.3d 58, 62 ("Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim.") (quoting *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000)).

Plaintiff may file an amended complaint within one month of this Order. Plaintiff is on notice that failure to address the flaws identified here in his amended complaint may result in its dismissal. *See Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994) (noting that the "court on its own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair") (quoting 5A C. Wright & A. Miller, Federal Practice and Procedure § 1357).

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss Plaintiff's complaint is granted without prejudice. Plaintiff has leave to file an amended complaint within one month from the date of this order. The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

7

order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This resolves Docket No. 15.

Chambers will mail a copy of this order to the pro se litigant and note its mailing on the public docket.

SO ORDERED.

Dated: March 12, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge